# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| JOSÉ RUCABADO-RODRIGUEZ, | |
|---|---|
| **Plaintiff**, | |
| v. | **Civil No.** 21-1088 (FAB) |
| AMERICAN AIRLINES, INC., | |
| **Defendant**. | |

## MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Plaintiff José Rucabado-Rodriguez filed his complaint in the Commonwealth court on January 22, 2021. (Docket No. 1 at p. 1.) Defendant American Airlines removed the case to this Court on February 25, 2021. (Docket No. 1.) Defendant's answer was filed on April 5, 2021. (Docket No. 6.) Pending before the Court is plaintiff's Memorandum in Support of Demand for Jury Trial filed on May 27, 2021. (Docket No. 13.) Defendant opposed plaintiff's request, asserting that plaintiff waived his right to a jury trial by failing to serve his demand within fourteen days of the defendant's answer, as is required by Federal Rule of Civil Procedure 38(b) ("Rule 38(b)"). (Docket No. 14.) Defendant further argues that "Plaintiff's demand is nothing more than mere inadvertence and/or inexcusable neglect and thus does not justify

---

[1] Sarah Roman, a second-year student at Northwestern University School of Law, assisted in the preparation of this Memorandum and Order.

granting Plaintiff's request for jury trial." (Docket No. 14 at p. 1.)

The question here is whether the Court should order a jury trial upon plaintiff's motion when no demand was made timely. For the reasons discussed below, the Court answers that question in the negative and **DENIES** plaintiff's request for a jury trial.

## DISCUSSION

Rule 38(b) provides that "a party may demand a jury trial by: (1) serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Rule 38(b) establishes guidelines for a timely demand, but, Federal Rule of Civil Procedure 39(b) ("Rule 39(b)") affords the district court discretion in ordering that the case be tried by jury, even when no motion is filed timely. Fed. R. Civ. P. 39(b).

By the express terms of the rule, the granting of a jury trial pursuant to Rule 39(b) is a matter solely within the court's discretion. See Algarín-Torres v. Univ. of Puerto Rico, 126 F.R.D. 8, 9 (D.P.R. 1989) (Cerezo, J.); Rivera Rosa v. Citibank, N.A., 549 F. Supp. 2d 155, 157 (D.P.R. 2007) (Besosa, J.). "[T]he discretion under Rule 39(b) is very broad and . . . the case would

be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 200 (1st Cir. 1987), *abrogated on other grounds by* Iacobucci v. Boulter, 193 F.3d 14 (1st Cir. 1999); see also Moores v. Greenberg, 834 F.2d 1105, 1109 (1st Cir. 1987); Jenouri v. WAPA-TV, 747 F.Supp. 118, 121 (D.P.R. 1990) (Gierbolini, J.); 9 Wright & Miller, Federal Practice and Procedure § 2334 (3d ed.) (explaining that "the appellate courts ordinarily will not intervene or overturn the action taken by the trial judge" on a Rule 39(b) motion).

The First Circuit Court of Appeals has held that district courts have wide discretion and can consider various factors. TG Plastics Trading Co. v. Toray Plastics (Am.), Inc., 775 F.3d 31, 36 (1st Cir. 2014) (citing that a Rule 39(b) inquiry is a highly fact-specific endeavor). Some factors include: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. Id.

In this case, plaintiff's only reason for tardiness was the plaintiff's attorney's inadvertence due to working remotely and not having access to her assistant. (Docket No. 13 at pg. 2.)

When considering the five factors, plaintiff's employment law claims are not of a nature that they are uniquely determinable by jury. See Davis v. Bath Iron Works, Corp., 966 F.2d 1440, 1 (1st Cir. 1992) (holding that a bench trial was appropriate in a wrongful termination case). Defendant alleges it will suffer prejudice due to obvious expenses, trial considerations, and schedule changes. (Docket No. 14 at pg. 4.) Plaintiff was five weeks late in their request, and most importantly, did not give a valid reason for tardiness. In this case, plaintiff is represented by an able and experienced federal litigator. In the discretion of this Court, remote working and lack of access to an assistant is not a valid reason for the movant's tardiness. It is also worth noting that without defendant's removal to this Court, the Commonwealth of Puerto Rico, where plaintiff filed his complaint, does not provide jury trials in civil cases. See Stewart v. Tupperware Corp., 356 F.3d 335, 339 (1st Cir. 2004); IRR Gas Station Corp. v. Puma Energy Caribe, LLC, 442 F. Supp. 3d 461, 461 (D.P.R. 2020).

Finally, it should be "stress[ed], though, that a party takes a considerable risk in delaying the making of a jury demand." T G Plastics, 775 F.3d at 36; see Pastula v. Lane Constr. Corp., No. 05-133, 2006 U.S. Dist. LEXIS 6948, at *8 (D. Me. February 23, 2006) (holding that without other compelling factors, attorney inadvertence should not be excused); Montañez-Báez v. Puerto Rico

<u>Ports Auth.</u>, 509 F. Supp. 2d 152, 155 (D.P.R. 2007) (Casellas, J.)(denying untimely motion because waiver "carries with it the consequence that Plaintiffs have waived their right" and attorney inadvertence was inexcusable).  Simply put, plaintiff had a time limit for requesting a jury trial and he failed to abide by it.

Accordingly, considering the factors discussed above, this Court declines to order a trial jury requested after the deadline established by Rule 38(b).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's demand for jury trial. (Docket No. 13.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 24, 2021.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE