IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE RUCABADO-RODRIGUEZ**, <br>     Plaintiff, <br><br> v. <br><br> **AMERICAN AIRLINES**, <br>     Defendant. | **CIV. NO**. 21-1088 (FAB-MDM) |

## OPINION AND ORDER

    Pending before the Court is plaintiff José Rucabado Rodríguez' ("plaintiff") Urgent Motion for Protective Order at Docket No. 40. American Airlines, Inc. ("American Airlines") opposed the plaintiff's motion. (Docket No. 42). After a thorough review of the parties' arguments and the applicable law, for the reasons espoused more thoroughly below, the Court **DENIES** the plaintiff's motion.

    To begin with, much has been said about the Court's prior ruling at Docket No. 33. For the benefit of both parties, the Court reaffirms that American Airlines, as a party to this case, has a due process right to have one corporate representative present during all depositions. And, with some very limited exceptions, American Airlines is free to designate the corporate representative of its choice. Having clarified that, the Court moves on.

    In the pending motion, the plaintiff makes several requests to exclude certain witnesses from the depositions that are to be taken in this case. First, plaintiff asks the Court to exclude Mildred Fuentes ("Fuentes") (who will appear as the corporate representative) from attending the plaintiff's deposition. Basically, the plaintiff requests that the Court order American Airlines to choose a different corporate representative for plaintiff's deposition because he is purportedly intimidated by Fuentes' presence. Second, the plaintiff requests that the Court exclude José Freig ("Freig") (who will appear as the corporate representative) from attending Juan C. Liscano's ("Liscano") deposition because they were both involved in making decisions with respect to the plaintiff's prior employment at American Airlines. The plaintiff contends that Freig's presence during Liscano's deposition may somehow influence his testimony and the truth-seeking process. The Court finds that plaintiff's arguments are unavailing and therefore the relief sought is unwarranted.

Case 3:21-cv-01088-FAB-MDM   Document 46   Filed 02/03/22   Page 2 of 4

*Rucabado-Rodríguez v. American Airlines*                                                            Page 2
Civil No. 21-1088 (FAB-MDM)
_____

Beginning with plaintiff's request to exclude Fuentes from plaintiff's deposition, the Court reiterates that American Airlines is entitled to designate the corporate representative of its choice to be present during any deposition, including the plaintiff's. That right, however, is not unrestricted. Under Fed. R. Civ. P. 26(c)(1)(E) witnesses may *only* be excluded if there is a judicial finding of "good cause" based on an affirmative showing that protection is necessary to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Exclusion is the exception, not the rule, and one's mere status as a witness does not suffice for exclusion. To support a protective order under Rule 26(c), the moving party must show "good cause" for protection from one or more harms identified in Rule 26(c)(1) with particular and specific facts, as distinguished from stereotyped and conclusory statements. *See Fears v. Kasich* (*In re Ohio Execution Protocol Litig.*), 845 F.3d 231, 236 (6th Cir. 2016).

Here, the plaintiff did not meet his burden. Instead, he offers only a generalized conclusory statement of purported fear of intimidation due to Fuentes' presence, but he fails to substantiate those claims with any particularized facts. Plaintiff did not demonstrate, for example, that he and Fuentes have any animosity for one another, nor have they had a prior or actual conflict or altercation, either personal or work related, nor can he say that Fuentes harbors any hostility towards the plaintiff that could possibly lead to a reasonable conclusion of fear of potential intimidation. American Airlines, on the other hand, observes that plaintiff's relationship with Fuentes has been positive and even friendly. Moreover, the complaint lacks any allegations that Fuentes engaged in any misconduct or mistreatment of the plaintiff at any time. Rather, concerning Fuentes, the complaint merely states that she replaced the plaintiff in his prior position.

In addition, the Court weighs the fact that Fuentes is plaintiff's *former* subordinate, and that the plaintiff no longer works for American Airlines. As such, no American Airlines employee, let alone Fuentes, has current supervisory authority over the plaintiff, and therefore, there is no one who should have an intimidating influence on the deponent's testimony. Under a very specific scenario not presented here, the Court could understand how a plaintiff who is a *current* employee suing his *current* employer might feel intimidated by testifying against his *current* employer in the presence of his *current* supervisor, but that is not the case here. *See, e.g., Shell Oil Refinery v. Shell Oil Company*, 136 F.R.D. 615 (E.D. La. 1991). Further tilting the balance against excluding Fuentes from the plaintiff's deposition is the fact that, per plaintiff's own admission, though she objected at first to Fuentes being selected as the corporate representative for plaintiff's deposition, counsel later agreed *not* to object to her attendance.

Case 3:21-cv-01088-FAB-MDM   Document 46   Filed 02/03/22   Page 3 of 4

*Rucabado-Rodríguez v. American Airlines*                                                                 Page 3
Civil No. 21-1088 (FAB-MDM)
_____

Based on the foregoing, and upon weighing the relevant considerations, the Court finds that plaintiff's allegations of intimidation or annoyance do not pass muster because they are unsupported by specific facts. There appears to be no need for the plaintiff to be protected against the presence of Fuentes in his deposition. As such, the extraordinary circumstances of "intimidation" that warrants the extreme remedy of exclusion of a witness are not present here. *See Pippen v. Georgia-Pacific, LLC*, 2008 U.S. Dist. LEXIS 128042 (N.D. Ga. Oct. 3, 2008) ("A generalized discomfort with a potential witness being present during a deposition does not amount to the good cause necessary for the issuance of a protective order."). To conclude, the plaintiff did not meet his burden of demonstrating "good cause" or compelling or extraordinary circumstances for the Court to exclude Fuentes from serving as American Airlines' corporate representative for plaintiff's deposition. Plaintiff's request to that effect is thus **DENIED**.

Turning now to the plaintiff's second request, he asks the Court to exclude Liscano from acting as the corporate representative during Freig's deposition based on the belief that Liscano's presence might affect the truth-seeking process and that Freig and Liscano's testimonies might somehow be tainted if Liscano listens to Freig's testimony. Again, under Fed. R. Civ. P. 26(c)(1)(E) witnesses may *only* be excluded if there is a judicial finding of "good cause" based on an affirmative showing that protection is necessary to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff did not make a showing that any protection is warranted with respect to Freig's deposition.

In his motion, plaintiff hints at witness collusion or potential perjury, but he fails to provide any factual basis for the Court to conclude that there is a real fear of collusion on the part of either Liscano or Freig or any potential for either of them to commit perjury. Without an affirmative showing of "good cause," the Court cannot justify excluding Liscano, or any other witness, from a deposition based solely on fear of *hypothetical* collusion or the mere *possibility* that an individual may tailor his or her testimony for consistency with that of another witness. *See e.g. Conrad v. Board of Comm'rs*, 2001 U.S. Dist. LEXIS 16210, at *4 (D. Kan. Sept. 17, 2001) ("Sequestration of deponents should be the exception rather than the rule."); *Shelton v. Bledsoe*, 2017 U.S. Dist. LEXIS 40678, at *9 (M.D. Pa. Mar. 21, 2017) (holding that credibility is an issue in every case, and denying exclusion of witness without a specific, particularized reason for believing that these defendants may provide perjurious testimony); *Hamon Contrs., Inc. v. District Court*, 877 P.2d 884, 889 (Colo. 1994) ("the exclusion of a party from a discovery deposition of a witness cannot be justified simply on the basis that it provides some protection against a possibility that the party will tailor [his/her] own testimony to assure consistency with that of the

Case 3:21-cv-01088-FAB-MDM   Document 46   Filed 02/03/22   Page 4 of 4

*Rucabado-Rodríguez v. American Airlines*                                                                Page 4
Civil No. 21-1088 (FAB-MDM)
_____

witness."); *Kerschbaumer v. Bell*, 112 F.R.D. 426 (D.C. Nov. 6, 1986) (noting that a court may bar parties from attending depositions but declining to do so where the moving party provided only an inchoate fear that it would result in perjury). Without a specific showing of real harm, almost every deposition could qualify for some kind of witness restriction; *McKenna v. Chesnoff*, 2017 U.S. Dist. LEXIS 25499 (D. Nev. Feb. 23, 2017) (holding that bare allegation of potential for improper collusion or subconsciously conforming testimony does not qualify as a substantiated example of potential harm to defendants.)

Here, plaintiff offered no facts to support his request to exclude Freig from attending Liscano's deposition (or vice versa). Plaintiff's bare allegations are insufficient to warrant the type of relief he requests. Absent a particularized and specific reason showing real harm to the plaintiff, backed by specific facts, the Court cannot take the extraordinary measure of excluding either Freig or Liscano from serving as corporate representatives for their respective depositions. In the absence of "good cause," the Court cannot restrict a corporate party's right to choose its corporate representative for a deposition. Because plaintiff did not meet his burden under Fed. R. Civ. P. 26(c)(1)(E), his request to exclude Freig from attending Liscano's deposition as American Airlines' corporate representative is **DENIED**.

On a final note, without a showing of extraordinary circumstances, the Court will not unnecessarily restrict how either party prepares and executes their litigation strategy, which includes the preparation of their witnesses for depositions and trial. By the same token, the Court will not interfere with a party's choice of counsel. Indeed, both parties have a constitutional due process right to have their counsel of choice present during all depositions. Counsel Perlioni has been duly authorized to appear *pro hac vice* as legal counsel for American Airlines, and, as such, she has the right to be present during all proceedings in this case, including depositions.

Based on the foregoing discussion, plaintiff's Urgent Motion for Protective Order at Docket No. 40 is **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 3rd day of February 2022.

_____
MARSHAL D. MORGAN
United States Magistrate Judge